United States v. Ronald Gall Good morning, Judge Barron, Judge Gallardo, and may I please reserve two minutes for rebuttal? Yes, you may. Your Honors, the most troubling aspect of this case is that there was fault that lay with the district court, there was fault that lay with the government, and there was fault that lay with trial counsel. But none of the fault for the increase in Mr. Gall's sentence is attributable to any conduct of Mr. Gall whatsoever. Mr. Gall executed a plea agreement that was drafted by the government. That plea agreement called for him to be pleading guilty to possession of child pornography with absolutely no mention in the charge itself that it involved prepubescent child pornography. The sentence that was set forth in the plea agreement called for a maximum sentence of 10 years. The factual conduct in the plea agreement has no discussion whatsoever of prepubescent child pornography. During the plea hearing, it's represented by the district court to Mr. Gall that this is a 10-year maximum sentence, that he's pleading guilty to possession of child pornography. Again, the same facts that are in the plea agreement are read into the record by the government counsel with absolutely no mention in those facts that there is any prepubescent child pornography. Well, I know I'm stretching this, but it seemed like the colloquy wasn't about a factual proffer. It was more, summarize the plea agreement. And then the prosecutor summarized the plea agreement. And when he summarized it, it seemed to me that he said he summarized the adjustment for prepubescent. And then the defendant said, yeah, I agree. I agree with that summary of the plea agreement is accurate. Again, I know it's a reach. So then the question is, did he adequately admit prepubescent at some point in this whole transaction? Did he admit it? And I would suggest that the record is otherwise. That he didn't admit it? That he did not. And ever? He never admitted it? That's correct. Okay. And if he never admitted it, isn't the record pretty clear? PSR said five-year-olds, two-year-olds. Isn't it pretty clear, beyond argument, that it involved prepubescent? And so isn't this like an instruction where you fail to instruct on an essential element, but the evidence was overwhelming beyond a reasonable doubt that element would have been established? Isn't this all an apprendi kind of alien issue? Well, I think there is an element to that. But the prepubescence is an element that would have had to have been proven beyond a reasonable doubt. Sentencing enhancement. Well, under a lane and apprendi, essentially an element of the offense is any fact that would enhance the sentence. And that is a fact that would enhance the sentence. There must be admitted or found. Correct. And you say he didn't admit it. So then isn't it like an element that wasn't instructed on, but the evidence was beyond a reasonable doubt would have established that element? I'm not sure that that can be said, because simply because the facts in the pre-sentence report reference the ages doesn't necessarily mean that that's something that would have been able to be proven. Somebody's age in a particular piece of, in a particular photograph, is not necessarily something that can be easily established beyond a reasonable doubt. Well, five in prepubescence, that's pretty self-evident, right? There wouldn't be an argument about that. Well, the pictures themselves aren't in the record. The pictures themselves aren't in the pre-sentence report. So I can't comment on if one were to actually view these photographs, whether it would be self-evident from these actual photographs. That it was a five-year-old. Okay. That I'm not sure of. But I think the more important point is that having drafted this plea agreement, the government did nothing to stand behind it. Having agreed to this plea agreement, defense counsel did nothing to stand behind it. Well, isn't, I think, the narrative from the government's perspective is that the written plea agreement was inconsistent because it said he was pleading guilty to count one, and count one plainly alleged the misconduct with prepubescent minor. The indictment. Yes, count one in the indictment, the way the government wants us to view the case. The plea agreement then said he's pleading guilty to that count. But then when it described the sentence, it didn't. And when it described the facts, it omitted that element. So the government's saying it was inconsistent, it was ambiguous, and all that was taken care of by agreement of counsel when they brought it to the attention that there was a defect and it should be fixed in a particular way. I think what you're saying is, no, it was locked in place the moment the plea agreement was signed. Well, a couple of things. One, I think, to suggest that it simply was inconsistent or it was a mistake in drafting, I think, first of all, the specific language of count one is different in the plea agreement than it is in the indictment. In other words, the government said count one and then described the conduct, and there's nothing not in the description of the facts but in the description of the charge itself. So on the first page of the plea agreement, the charge itself is not described as including prepubescent child pornography. Then the second aspect of it is at the part of the plea agreement that describes the sentence. The sentence is described as ten years. Then at a third point in the plea agreement where the statement, the facts that supports this conviction to which Mr. Gall is supposed to admit, doesn't involve any mention whatsoever of there being prepubescent child pornography. I think those three aspects of it all taken together suggest that this is something that was, in fact, negotiated and wasn't simply a mistake, and that even if it was a mistake, having been drafted by the government in this way, the government was bound to honor this agreement. So on the ineffective assistance aspect of this, if it's ambiguous, your client gets the benefit of the ambiguity, so he'd get the benefit of the favorable terms of the plea as you see them, even on the government's account, I assume is the theory. And then the ineffective assistance claim is what business of it is the lawyer for that defendant to be blowing up a favorable plea deal in order to get him an unfavorable one, right? Okay, so understanding all of that, what's the prejudice claim here? Well, the sentence itself exceeded the ten years. But the sentence can't exceed the ten years, even under the plea, no? No. The judge is bound to give the sentence in the plea? Well, the judge is bound to give a sentence that's no more than the statutory maximum of the crime to which the defendant has pled guilty. So if that plea is binding, then it's got to be ten no matter what. There's no room around that. Yes, that's correct, Your Honor, because if the elements to which the defendant has pleaded guilty establish a maximum sentence of ten years. Okay, and so on direct, since we're on direct review, which is unusual for us to find an ineffective assistance claim on direct review, the argument is simply that there's just no legitimate reason one could possibly conjure for a defense attorney blowing up a favorable plea deal for an unfavorable one? Is that the idea? Well, there's no conceivable benefit here to the defendant. In other words, this isn't a matter of strategy where there was some conceivable gain that could have come to the defendant. But the other aspect of it, Your Honor, is that I think there is slightly more to it here than just the fact that there's no evidence at all in the record. What we have here is when the defense counsel does raise this, she asks for it to be off the record. And the district court judge says no, it's not to be off the record. And the response to that is that trial counsel says something in Spanish, which isn't able to be transcribed, and then there is an off-the-record sidebar. There's no evidence that comes later on as to what was said during that sidebar conference. And, of course, Mr. Gall is in the dark as to what's being said during the sidebar conference. There actually is evidence in the record that he doesn't speak Spanish. Suppose she hadn't spoken up at all, defense counsel was just silent, and the judge then sentenced him to 12 years, two years over the statutory maximum, for the lower-level offense. The judge claiming he pled guilty to count one. And defense counsel then objected, saying, you've got to construe that agreement as being for a crime that has a 10-year maximum. What would the remedy, if we agreed with that, what would the remedy be on appeal? Would we send it back for resentencing within the plea agreement with all ambiguities resolved against the defendant, or would we send it back for him to have an opportunity to withdraw his plea? Oh, I think both. Curcular, I think, is the clearest statement of that, and I think that specific performance of the plea bargain is the correct remedy. And that's true even if the plea agreement is arguably ambiguous? Well, I think even if it were arguably ambiguous, it does need to be construed against the drafter, and here that's the United States, and having been construed against the drafter is therefore not ambiguous. So, again, I think specific performance is the remedy that curcular would require under both Rules 11 and 32. Thank you. Just so I understand that proposition, so if it's ambiguous, he gets the benefit of it. Is there any case law or anything about sort of no meeting of the minds, so there's just no valid agreement? I don't know whether there is case law about no meeting of the minds. I mean, put it another way, if the defendant wanted to get out of this plea and his argument was this was a hopelessly ambiguous agreement, no one could know what was being agreed to, would he have a valid claim? I don't think that's the case, Your Honor. I think it's clear that a reading of this plea agreement, I think, makes clear that it's due to possession of child pornography and that it's a 10-year maximum. But is your position that this plea agreement was a plea to possession of child porn that did not involve prepubescent? That's correct, Your Honor. In other words, again- Because the judge said at sentencing, look, we've got an error here. I gave you the wrong information about the statutory max. It's 20, not 10. It's 20, not 10, because prepubescent is involved. You understand that? He said, yeah, okay, I understand. Do we have to go back through the call? No, says counsel. I've got some problems with that maybe, but I don't see how you'd argue that it wasn't in his mind or understanding that it involved prepubescent. Well, it's not simply that it involves prepubescent. It's that the crime to which he- I see my time has expired. Let me answer your question. It's not whether the relevant conduct of the offense involves prepubescent child pornography. It's whether the elements of the offense to which he pled guilty were involved. Yeah, I'm not sure I'd agree with you that it's an element. It's a sentencing-enhancing factor that has to be either admitted or proven beyond a reasonable doubt. But then you get to the point of did he ever admit it in some way? You say no. If he didn't admit it in some way, isn't it by the by because the evidence was so overwhelming? You say, I guess, no, right? That's correct. Can I just understand your response to this last one? If I get you right, even if he had admitted it at sentencing, it wouldn't matter? I believe that's correct. Your position is because the only thing he's being sentenced for is a crime that has a statutory 10-year maximum, he could admit to that and a thousand other things that in a different circumstance would allow you to go above 10 years. But since you're sentencing for a crime that has a 10-year max, you just can't go above that? That's correct, Your Honor. Help me with one other thing. Drilling into your argument correctly, I think you're saying that once that plea agreement is signed by both parties and accepted by the court at the change of plea hearing, if there's any goof-up in typing up like a typographical error that refers to the wrong statute or something like that, the defendant gets the benefit of that goof-up and there's nothing that the government can do about it. Well, I think that if it were simply a typographical error, that would be a different situation. Well, then why would that be different than if you had a mutual mistake that the evidence is clear from both defense counsel and the judge's exploration with the defendant that everybody thought it was to do X and there was a mutual mistake? Why wouldn't that be the same? Well, I think a typographical error is different than an error of substance, and the substance of this plea agreement was clearly that he was pleading guilty to possession of a child pornography. Just on the remedy point, though, because I think it may matter for your client's desire here as to what happens, I understand the argument there's ineffective assistance, we're prejudiced by it, we get the benefit of the favorable plea on remand, now sentence me knowing you can't go above 10 years. An alternative understanding of it is there was a screw-up, there was ambiguity. Defense counsel had no business trying to solve that problem in the way she did by having him now go to a less favorable plea. But if the conclusion is that that plea is not locked on remand, what that means is there's no plea at all. The government now knows that the judge is just sentenced above 10 years. I would think that plea negotiation is not going to be very pleasant on remand if there's no plea at all. I think to some extent that's true. So at that point, then it starts to be a little more sensible maybe why defense counsel did what she did, which is if she was worried about this whole thing blowing up, maybe she's just trying to think, look, let's just get this clarified now so he gets a plea. Well, defense counsel didn't know what the sentencing judge was going to do at the time she blew it up. But that's somewhat my point, which is you get the high sentence, it's appealed, the remedy is we blow the whole thing up. Now there's no plea at all. Maybe she's thinking the best thing to do is make sure he gets out of here with a plea, which starts to look like a reasonable strategic judgment rather than just an indefensible one. Again, theoretically, if the plea could be blown up, first of all, I don't think there's any reason why this plea agreement or this plea could or should have been blown up. And I think that's the real problem here. If there's no further questions. Thank you. Thank you. Good morning. Juan Reyes on behalf of the United States. Your Honor, the defendant's arguments in this appeal have a common thread. They are premised on misrepresentations, misinterpretations of the record. Could you pull the microphone a bit closer to you? Thank you. The defendant's arguments are premised on misinterpretations of the record. The one that's repeated the most is the one that was pressed here this morning. It's that the defendant originally pled guilty and that his defense counsel negotiated a plea bargain to a lesser offense excluding prepubescent children, excluding prepubescent children. But as we discussed in the government's brief, the defendant waived those arguments in the district court because he is accountable for his attorney's representations to the district court. And considering that the prosecutor agreed with the defense counsel's view of what was the actual plea bargain in this case, there is nothing on the record suggesting that the attorney was acting as a rogue agent. And as Judge McAuliffe clearly stated also at the subsequent change of plea hearing, defense counsel agreed with the prosecutor's view of what was the party's plea bargain in this case. Considering the standard of review here, which is plain error, the defendant has to prove that it is clear and obvious on this record that his attorney negotiated a guilty plea to a lesser offense excluding the prepubescent children, and he failed to prove that on this record. So you're saying the agreement in fact, if confirmed by both sides, trumps the actual written agreement that the parties have used to memorialize whatever they negotiated in fact? The actual plea agreement as written was, we admit, not a model of draftsmanship. But what's important is what was actually agreed to. And the written plea agreement never said that the defendant was pleading guilty to a lesser offense. That is nowhere in the agreement. It is true that the prepubescent was not included in the stipulation, but rather was included in another section. But the actual agreement never said that it was. You've got two possible rules here. One is written ambiguous agreement. The rule is we'll always construe it against the government as the drafter and for the defendant, given the allocation of burdens. That's one possible rule. Other rule that I hear you saying is if you have an ambiguous agreement, or perhaps even if it's not ambiguous, it can be trumped or clarified by a joint representation of defense counsel and government counsel to the court that the defendant then confirms. Those are the two possible rules, I think. Yes. And you're advocating for the second. Is there any, what authority do you point to that rejects the first rule I articulated and affirms that we should use the one that you're putting forward? The fact that in the written plea agreement, there was no language stating that the defendant Is there any case law that guides us as to which rule to pick? Well, we believe on plain error review, this record has to be viewed as a whole and considering defense counsel's candid representations to the court as agreed by the prosecution as to what was the party's intention and what was the plea bargain in this case. I think I hear you saying there's no case law because you're not citing me any, but the absence of case law helps you because of plain error review? I haven't said there's any case law. Then what is the case law that helps you? There's case law in our brief. Case doesn't come to my mind at this moment. But as I was stating, our argument, our main argument, is that the plea bargain between the parties was not ambiguous because of the fact that, as Your Honor mentioned, there may have been a drafting mistake in the written agreement doesn't change what the parties agreed to and what the defendant pled guilty to. But here's the problem I've been having with this is, I think you agree, if the sentence is to be enhanced based upon a fact, the judge can't determine that fact. The jury's got to determine it beyond a reasonable doubt or the defendant has to admit it. Where in this plea colloquy or the sentencing procedure, where can you point me to the place where he admits that he had prepubescent child porn? I don't see it anywhere. As Your Honor pointed out, at the initial plea hearing, he did admit that when he agreed with the prosecutor's description of the agreement, that it included prepubescent children. No, no, he didn't really. I overstate that. If I said that, I overstated it. What his counsel said and what he said, I believe, was, I agree he's accurately summarized the plea agreement. And in that summary, what I believe was an adjustment under the guidelines for prepubescent. That's the best I could find. Your Honor, this record must be viewed as a whole. We cannot just view the initial change of plea colloquy, which we admit and the parties represented to the district court had a deficiency in terms of how the defendant was advised. We cannot just view it. It's a statutory maxim, right? He said 10 and it was 20. It could be 20. But put that aside. Put that aside. It's only 20 if he had prepubescent porn. Okay? So where did he admit, I had prepubescent porn? Where did he admit that? In the second change of plea hearing. At the sentencing? Well, it was a first. It was a new change of plea where it was ratified, and then they continued to the sentencing right thereafter. See, as I read that, the judge said, you understand I made a mistake. It's not 10, it's 20. The reason it's 20 is the case involves prepubescent porn. But I didn't see the defendant say, oh, yes, I understand that it's 20, not 10. I didn't see him say, yes, I had prepubescent porn. There's a factual basis for my plea. The factual basis is I admit I had prepubescent porn. Well, Your Honor, the district court asked the defendant whether he agreed to that and whether he wanted to plead guilty under those terms, and he said yes. So we generally don't allow people to just say I want to plead guilty good enough. There has to be a legal basis for it, a factual basis for it. The judge has to find that there is a factual basis. How did the judge find there was a factual basis for the claim that there was prepubescent porn? He can't find it on his own. There's no jury, so doesn't the defendant have to admit it, or do you get into this business about overwhelming evidence? We believe that based on that second change of plea hearing where the defects in the original change of plea hearing were cured, that based on the prosecutor's discussion of what had occurred, which defense counsel agreed to, and the defendant never said anything, and based on that and also the fact that, as I was mentioning, the court asked the defendant whether he wanted to plead guilty on those terms, that it had prepubescent children, and he said yes. The fact the defendant remained silent at the change of plea hearing on whether he committed the act that accounts for the doubling of the statutory maximum, we generally don't rely on silence. We do not read the defendant as having been silent on what he committed, especially considering the standard. Let's talk about the words, not your characterization of words. As I look at the words, and I'm looking at record 64, the judge said he confirmed with Gall that he knew the statutory maximum was 20 years because the indictment charges pornography involving prepubescent minors. So just as Judge McAuliffe said, he didn't ask him if, in fact, he was guilty of that fact. He didn't ask him, did you engage, did the pornography contain such minors? He simply asked him, is he aware that that's what the indictment charges? Usually we don't find that sufficient, do we? We believe that it is sufficient considering the totality of the record. Your Honors can take your views on that. We believe that the record should be viewed as a whole and that considering what was argued by the defense counsel and the government, that it's obvious that prepubescent children was included and that he wanted to plead guilty to the offense as charged. We believe that if there was any doubt as to what was the parties' plea bargain in this case, it was resolved at that new change of plea hearing. And I take it on the terms of the supervised release, you have no objection to the defendant's position that we should vacate the sentence for changing the supervised release terms? Well, the defense counsel never argued that here, and we objected to that in our brief. We believe that the record is sufficient to support that condition. This Court's case law is clear that the defendant's condition may be supported if it's reasonably related to only one of the factors, and the ban on pornography satisfies that threshold, especially on plain error review. What's the basis for limiting access to adult pornography? Well, the record here suggests that the defendant was obsessed not only with adult pornography, not only with adult child, but also with adult pornography, and that is shown by the sentence report. But is there anything illegal about that? Well, there is evidence on the record suggesting that the viewing of adult pornography was relevant conduct to the child pornography and the distribution of the child pornography. Is he allowed to have sex with an adult? Is he allowed to have sex with an adult? Yes, he's allowed to have sex with an adult. But he's not allowed to see a picture of a pornographic picture of an adult? Yes, Your Honor. When there is evidence on the record, as there is here, showing that the viewing of adult pornography was relevant conduct to his other... How? How was it relevant? Yes, Your Honor. In the pre-sentence report, the probation officer documented that the defendant's partner, Ms. Arroyo, was partially aware of the defendant's instant offense because it had something to do with his being online. And that's at paragraph 71. So in this theory, you could ban him from being online entirely? The very next... Just so I understand, the condition banning him from using the Internet at all would be relevant conduct? I don't believe he's challenging the condition on the Internet. So that would be waived. But the very next sentence, where I was making reference to, the report documents that... Doesn't this prohibition apply to adult pornography that he views not online? Yes, because it shows, the next sentence shows, that Mr. Gall would have his partner watch the adult pornography and start online conversations. The report says that he would spend all night on the Internet without sleep and then go out to work. The report suggests that this was going on contemporaneously, the adult pornography and the child pornography. Perhaps his partner was not viewing the child pornography. At least she did not admit to it. But it shows that this was a problem going on in his life.  And allowing him to view adult pornography will increase the risk that he will go back to the same type of activities that led him to commit the instant offense in the first place. So there is a tie. Isn't it overbroad? It prohibits him from going to any location where he can access pornography or sexually stimulating material. So, as I understand it, he can't go to any multiplex in the United States that shows R-rated movies. Well, Your Honor, we believe the defendant argued that the condition did not allow him to go to, for example, the Boston Fine Arts Museum. We do not believe that the clause should be interpreted that way. Well, what language doesn't it say? He can't go to the museum if there's anything in that museum that is sexually stimulating. It has to be that the primary focus of that business is providing sex and sexual pleasure following the associated words canon. We believe that is the more reasonable view of the condition. And considering that the condition was recommended in the pre-sentence report, it was never objected to at sentencing, this is on plain error review, he would have to prove that it is clear and obvious on this record that the condition is not supported. But aren't there cases from this circuit that require an explanation by the sentencing judge as to why that condition is being imposed? You may be right. There may be a correlation. There may be a correlation between adult pornography and child pornographic activity, but there's no evidence of it. That relationship as justifying the condition in the record, isn't that a real problem here? Well, Your Honor, not really, not on plain error review, because even in Pedraza Mercado this court recognized that the sentencing court's reasoning may be inferred from the record and what's in the probation officer's sentence report and what the district court did. But we'd have to infer that there is such a correlation. How would we know? Well, as I explained, the correlation that is supported by the record and that on plain error review, this court should... What is the correlation? Yes. Adult pornography leads to recidivism with respect to child pornography? Well, there is some studies to that effect and in... But not in this record. Well, in Sebastian, this court recognized those studies and we cited it in our brief, but as I was explaining, on this record, there is evidence that the defendant was looking for, was viewing the adult and the child pornography, staying late at night. He would stay all night, would not go to work. This was all combined relevant conduct. The fact, if he is allowed to view adult pornography when he comes out, there is a reasonable inference that that will increase the risk that he will go back to the same activities and ultimately end up watching the child pornography. Let me make sure I understand the way the government is construing this term, supervised release. The agreement actually says he can't go to any location where sexually stimulating visual or auditory material can be accessed or any business with a primary function is to provide pornography or sexual services. And I think I heard you say earlier that we should read the sexually stimulating visible, a location where you can access sexually stimulating visual or auditory material as being qualified by the primary function must be to provide pornography or sexual services. I believe that the location should be interpreted based on, yes, on the language of the clause. Well, you want us to change the language, it sounds like. No, I'm not asking the court to change the language. It says that the defendant shall not enter any location where pornography, erotica, or sexually stimulating visual or auditory material can be accessed. That's the multiplex. Including, and under the associated words canon, when there's the word including,  shall be interpreted in conjunction. It says, including adult pornography shops, strip or topless clubs, massage parlors, or any business where the primary function is to provide pornography or sexual services. Under the associated words canon, the locations where he is not allowed to enter shall be tailored by the subsequent examples. So you would have no objection if we clarified the terms of, if the court clarified the terms of the supervised release so as to comport with your reading. In other words, rather than applying the doctrine that whatever appears after including is not intended to exhaust the universe of the general. Well, Your Honor, we believe that would be, that would not be right at this moment. If and when he were to enter these clubs, this would be taken up before the district court and that would be the ordinary way in which this is carried out. But we believe that the clause should not be interpreted in so far as to say that he can't go to a shopping mall. That is what we believe is the reasonable explanation of the clause. And significantly, we cite a case law in our brief showing that on plain air review, other circuit courts have affirmed conditions with similar language. Thank you. Thank you, Your Honors. Briefly, Your Honors, first on the issue of whether the agreement should be interpreted based only on the terms of the agreement or whether some kind of parole evidence could be used, I was looking through my brief. I'm relatively certain that the case law does suggest that plea agreements are to be construed against the drafter. I wasn't able to find that specific case. I'd be happy to cite it in a Rule 20HA letter. The other aspect of it, Your Honors, is that in the plea agreement itself, and this is at page 20 of the record, there is a so-called merger clause, which is that this document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms or conditions not stated herein. No additional promises, terms, or conditions will be entered unless in writing and signed by all parties. So I would suggest that that merger clause in and of itself prevents any evidence as to any understandings between the parties. Can the court reject the plea agreement if it finds it ambiguous? I don't believe that that would be the correct remedy for an ambiguous plea agreement would be simply to construe it against the drafter. But don't all the uncertainties about what to do with it? I understand that there's no uncertainty about what to do under the case law with an ambiguous plea agreement, and all the uncertainties go to the benefit of the defendant. I understand the ineffective assistance plan. To the extent that there are uncertainties about what to do with it, defense counsel's decision to try and correct it seems more reasonable to me because it guarantees he walks out of there with a plea agreement as opposed to being at the mercy of no plea agreement, which could be worse for him. In response, I'd just simply say that I don't think that there is anything that suggests this is indeed an ambiguous plea agreement. And so in light of that, I would suggest that defense counsel couldn't possibly be reasonable in inviting a doubling of the statutory max. And if Your Honor said no further questions. Now, thank you to both counsel.